| NONPRECEDENTIAL DISPOSITION |
| :-: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2064

| | |
| --- | --- |
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Western District |
| | of Wisconsin. |
| | |
| *v.* | No. 0758 3:18CR00080-003 |
| | |
| JONATHAN L. THOMPSON, | William M. Conley, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Jonathan Thompson was convicted by a jury of nine counts of bank robbery, 18 U.S.C. § 2113(a), and one count of brandishing a firearm in furtherance of a crime of violence. *Id.* § 924(c). The district court sentenced him to 264 months' imprisonment, but we vacated that sentence. *See United States v. Marbra*, Nos. 19-1757 & 19-1826 (7th Cir. Sept. 30, 2019). On remand, the district judge recalculated Thompson's guidelines range and sentenced him below the Guidelines to 252 months' imprisonment and three years' supervised release. Thompson again appealed, but this time his appointed attorneys assert that the appeal is frivolous and move to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsels' brief explains the nature of the case and addresses the

potential issues that an appeal of this kind might be expected to involve. Thompson has not responded. *See* CIR. R. 51(b). Because counsels' brief appears thorough, we limit our review to the subjects they discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first consider whether Thompson could attack the calculation of his guidelines range but rightly conclude that any challenge would be frivolous. Thompson did not object to the calculations at sentencing, so our review would be for plain error. *United States v. Thomas*, 897 F.3d 807, 816 (7th Cir. 2018). We would find none here. The judge properly assessed a total offense level of 35, which included a base offense level of 20 for Thompson's bank robbery convictions, *see* U.S.S.G. § 2B3.1(a), as well as enhancements of two levels for taking money from a financial institution, *see id.* § 2B3.1(b)(1), six levels for "otherwise" using a firearm (providing his two co-defendants with the guns they pointed at bank tellers), *see id.* § 2B3.1(b)(2)(B), two levels for his role in the offense (planning and organizing the robberies, recruiting his two partners, and driving the get-away car), *see id.* § 3B1.1(c), and five levels because of the multiple robbery convictions (nine total). *See id.* § 3D1.4. With a criminal history category of VI, the judge appropriately calculated Thompson's guidelines range to be 292 to 365 months in prison for the robbery convictions, *see id.* Ch. 5, Pt. A (sentencing table), § 5G1.2(b)–(d), and 84 months for the gun conviction. *See* 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. §§ 2K2.4, 5G1.1(c).

Counsel next address whether Thompson could argue that the judge failed to justify his application of the sentencing factors, *see Gall v. United States*, 552 U.S. 38, 51 (2007), but rightly conclude that this challenge would be frivolous. The judge acted well within his discretion in determining that Thompson's positive post-sentencing conduct (his clean discipline record, efforts toward earning his GED, and progress with drug rehabilitation) did not outweigh the applicable § 3553(a) factors, including the seriousness of the crimes (he recruited younger defendants "under his influence" to commit "heinous robberies" that "really terrorized a lot of people") and his destructive criminal history (that showed a pattern of "violence toward women and the defendant's minor siblings"). Moreover, Thompson's 252-month prison sentence is below the guideline range, so we would presume it to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347–51 (2007), and we see nothing in the record that might rebut that presumption.

Finally, counsel rightly conclude that Thompson waived any potential challenge to his conditions of supervised release. Thompson filed no written objection to those

conditions, and he told the district court at sentencing that he did not object to them. *See United States v. Flores*, 929 F.3d 443, 447–49 (7th Cir. 2019).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.